UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>Plaintiff,<br><br>v.<br><br>DEBBIE, et al.,<br><br>Defendant. | No. 2:20-cv-01875-JAM-KJN PS<br><br><u>ORDER GRANTING IFP REQUEST AND</u><br><u>DISMISSING WITH LEAVE TO AMEND</u><br><br>(ECF No. 2) |

Plaintiff, who proceeds without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A federal court has an independent duty to assess whether federal subject matter

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff's complaint is hand-written and difficult to understand at points. (See ECF No. 1.)   Generally, it appears that plaintiff alleges that he went to a private health care facility, was refused medical treatment, and suffered $10 million in damages as a result.  (Id. at 5-6.)  Plaintiff asserts federal question as the basis of jurisdiction and cites to 42 U.S.C. § 1983 for the statutory basis for that jurisdiction.  (Id. at 1.)

Although plaintiff asserts a federal claim under 42 U.S.C. § 1983, such a claim generally does not lie against a private individual or business entity that does not act under color of state law.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  To be sure, a private individual's action can amount to state action under certain circumstances.  See Franklin, 312 F.3d at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  However, plaintiff does not attempt to invoke any of these tests, and from the face of the complaint it does not appear that any apply. Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to invoke the court's federal question jurisdiction.  Furthermore, there is no diversity of citizenship jurisdiction, because plaintiff and defendants are all citizens of California.  Consequently, the court lacks federal subject matter jurisdiction over this action.

Accordingly, the court dismisses plaintiff's complaint, but with leave to amend.  If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified above.  Plaintiff is informed

that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff concludes that he is unable to cure such federal jurisdictional deficiencies, he may instead elect to file an action in state court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of the date of this order, plaintiff shall file a first amended complaint in accordance with this order.  Alternatively, if plaintiff no longer wishes to pursue this action in federal court, plaintiff shall file a notice of voluntary dismissal of the action without prejudice within 28 days of the date of this order.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  September 29, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1875.ifp lta

3